IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


JONI S. CARNEY,

                    Plaintiff,

vs.                                          Case No. 14-1006-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


                            MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I.  General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II.  History of case**

On May 3, 2013, ALJ Susan W. Conyers issued her decision (R. at 21-31).  Plaintiff alleges that she had been disabled since May 24, 2011 (R. at 21).  Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2016 (R. at 23).  At step one, the ALJ

found that plaintiff did not engage in substantial gainful activity after the alleged onset date (R. at 23). At step two, the ALJ found that plaintiff had severe impairments of a history ischemic heart disease and other disorders of the gastrointestinal system (R. at 23). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 25). After determining plaintiff's RFC (R. at 25), the ALJ determined at step four that plaintiff could perform past relevant work (R. at 31). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 31).

**III. Are the ALJ's mental RFC findings supported by substantial evidence?**

At step two, the ALJ found that plaintiff's mental impairments of affective disorder and anxiety disorder are not severe impairments (R. at 23-24). In making her RFC findings, the ALJ did not include any mental limitations (R. at 25). The ALJ stated that it considered the opinions of a non-examining state agency psychological consultant, Dr. Schulman, and found that "His opinion concerning the claimant's limitations is well-founded in the longitudinal record and is given substantial weight" (R. at 30). Plaintiff argues that the ALJ erred in finding that plaintiff did not have any severe mental impairments and in failing to provide any mental limitations in the RFC (Doc. 8 at 19-23). Defendant argues that the issue is

5

whether a reasonable mind could agree with the ALJ that plaintiff's alleged mental impairments did not cause any significant limitations that needed to be included in the RFC findings (Doc. 9 at 6). Defendant's brief goes on to state that the ALJ rejected the claims of Dr. DeGrandis and relied instead on the opinions of Dr. Schulman. Defendant argues that the evidence mentioned in Dr. Schulman's report persuaded him, and also the ALJ, "that plaintiff did not have any significant mental limitations" (Doc. 9 at 7-8).

    The court has therefore reviewed the report of Dr. Schulman, dated May 21, 2012. Contrary to the ALJ's findings at step two, Dr. Schulman found that plaintiff's affective disorder and anxiety disorder were severe impairments (R. at 125). Also, contrary to the ALJ's determination that plaintiff had only a mild limitation in the third functional area of concentration, persistence, or pace (R. at 25), Dr. Schulman opined that plaintiff had moderate difficulties in this area (R. at 125). Furthermore, Dr. Schulman, in a mental RFC assessment, found that plaintiff was moderately limited in the ability to understand and remember detailed instructions, and indicated that plaintiff had the ability to focus and persist at simple routine and intermediate level tasks for an 8 hour day. Dr. Schulman also found that plaintiff was moderately limited in the ability to carry out detailed instructions and in the ability to

maintain attention and concentration for extended periods (R. at 130). Dr. Schulman opined that plaintiff has the ability to focus and persist at simple routine and intermediate level tasks for an 8 hour day (R. at 131).

Plaintiff argues that the ALJ erred by finding no severe impairments at step two, and by failing to provide any mental limitations in the RFC. The ALJ gave "substantial" weight to the opinions of Dr. Schulman that plaintiff did not have any significant mental limitations (R. at 30; Doc. 9 at 8). However, Dr. Schulman found that plaintiff had severe mental impairments which caused specific mental limitations.

In the case of Martinez v. Astrue, 422 Fed. Appx. 719, 724-725 (10th Cir. Apr. 26, 2011), the court held that the ALJ erred by failing to include all of the limitations found by Dr. LaGrand without explaining why he rejected some of the limitations, especially in light of the ALJ's conclusion that the medical source's opinion was entitled to "great weight." The ALJ simply ignored certain limitations contained in the medical report. The court held that the ALJ may have had reasons for giving great weight to some of the limitations set forth by the medical source, while rejecting other limitations. However, before rejecting some of the limitations, the ALJ was required to discuss why he did not include those limitations. An ALJ must explain why he rejected some limitations contained

in a RFC assessment from a medical source while appearing to adopt other limitations contained in the assessment. Haga v. Astrue, 482 F.3d 1205, 1207-1208 (10th Cir. 2007); Frantz v. Astrue, 509 F.3d 1299, 1302-1303 (10th Cir. 2007); Wilson v. Colvin, 541 Fed. Appx. 869, 872-874 (10th Cir. Oct. 16, 2013).

The ALJ erred by failing to include in her RFC findings the opinions of Dr. Schulman without explaining why she rejected the limitations found by Dr. Schulman, especially in light of the ALJ's conclusion that Dr. Schulman's opinion concerning plaintiff's limitations was entitled to "substantial" weight. Defendant argues that the issue is whether a "reasonable mind" would agree with the ALJ that plaintiff's alleged mental impairments did not cause any significant limitations that needed to be included in the RFC (Doc. 9 at 6). The court would first note that there is no medical opinion evidence to support the ALJ's finding that plaintiff did not have a severe mental impairment or significant mental limitations. Furthermore, not only did Dr. Schulman find that plaintiff had a severe mental impairment and significant mental limitations, another state agency consultant made findings similar to those of Dr. Schulman.

On September 1, 2011, Dr. Fantz found that plaintiff had severe impairments of affective disorders and anxiety disorders (R. at 105-106). He specifically found that plaintiff had

8

moderate difficulties in maintaining concentration, persistence or pace (R. at 106). He also prepared a mental RFC assessment, finding that plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods. Dr. Fantz stated that plaintiff has the ability to focus and persist at simple routine and intermediate level tasks for an 8 hour day. He also indicated that plaintiff would have difficulty with tasks requiring sustained concentration for more than 2 hours without a break (R. at 110). The opinions of Dr. Fantz were not mentioned by the ALJ in her decision.

An ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). This rule was recently described as a "well-known and overarching requirement." Martinez v. Astrue, 2011 WL 1549517 at *4 (10th Cir. Apr. 26, 2011). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. The ALJ "will" evaluate every medical opinion that they receive, and will consider a number of factors in deciding the weight to give to any medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

According to SSR 96-8p:

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7. Furthermore, the court will not engage in the task of weighing this evidence in the first instance. Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998).

Both Dr. Fantz and Dr. Schulman opined that plaintiff had severe mental impairments, and both indicated in a mental RFC assessment that she had some mental limitations. It is error to ignore medical opinions. That error is even more pronounced when the ALJ gives "substantial" weight to one of those opinions, and completely ignores the other opinion which made findings similar to the opinion to which the ALJ accorded "substantial" weight. In light of these errors by the ALJ, and the fact that the ALJ cites to no medical evidence in support of his determination that plaintiff has no severe mental impairments and no mental limitations, the court finds that the evidence is insufficient to demonstrate to a "reasonable mind" that plaintiff's alleged mental impairments did not cause any limitations that should have been included in the ALJ's RFC findings. Therefore, this case shall be remanded in order for the ALJ to consider all the medical opinion evidence and make

new RFC findings after taking all the evidence into consideration.

**IV.   Other issues raised by the plaintiff**

Plaintiff argues that the ALJ failed to properly analyze the opinions of treating physician Dr. Derksen, and that the physical RFC findings are not supported by substantial evidence. Dr. Derksen wrote three letters setting out both physical and mental limitations (R. at 506, 600, 653).  The ALJ accorded "no" weight to those opinions, noting normal physical examinations, the absence of a physical examination contemporaneous with one of the opinion letters, the lack of documentation of fibromyalgia, and that plaintiff is not disabled from a urology standpoint (R. at 30).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  However, in Dr. Derksen's letter of December 19, 2012, he stated:

> …She is also battling depression with the stressors from her heart issues and fibromyalgia issues.  The medications that she is on to control her symptoms also have a tendency to affect her thinking processes and it is becoming more and more difficult to do cognitive tasks, as these medications may cause drowsiness and difficulty thinking.

11

(R. at 653).  Both Dr. Schulman and Dr. Fantz opined that plaintiff has moderate difficulties in maintaining concentration, persistence, or pace (R. at 106, 125), and both found she has moderate limitations in the ability to maintain attention and concentration for extended periods (R. at 110, 130).  Dr. Schulman further opined that plaintiff had moderate difficulties in the ability to understand, remember and carry out detailed instructions (R. at 130).  Both limited her to simple and intermediate level tasks (R. at 110, 131), and Dr. Fantz stated that plaintiff would have difficulty with tasks requiring sustained concentration for more than 2 hours without a break (R. at 110).

    Dr. Derksen opined that plaintiff is battling depression, that her medications have a tendency to affect her thinking processes, and that it is becoming more and more difficult for her to do cognitive tasks, as the medications may cause drowsiness and difficulty thinking.  On remand, this opinion must be considered in light of the opinions of Dr. Schulman and Dr. Fantz that plaintiff is moderately limited in maintaining concentration, persistence, or pace, and has some moderate mental limitations.  The ALJ will then need to make new findings regarding what weight to accord to the opinions of Dr. Derksen regarding plaintiff's mental and physical limitations.

Plaintiff also argues that the ALJ erred in her credibility findings regarding plaintiff's allegations. The court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ reexamines the medical opinion evidence, as set forth above. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 24th day of March 2015, Topeka, Kansas.

                                          s/Sam A. Crow
                                          Sam A. Crow, U.S. District Senior Judge